UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-536-H

ABERCROMBIE & FITCH TRADING CO.                                                                 PLAINTIFF

V.

WINMARK, et al
                                                                                                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendants Marcia Cox, Larry Cox and SSDC (improperly referred to as M&L Investment Properties, LLC) (hereinafter collectively "the Cox parties") move to amend their cross-claims filed against cross-claim defendants, Winmark Corporation ("Winmark"), Wass International, Inc. ("Wass"), and Karen A. Johnson ("Johnson"). What started out as a trademark infringement case by Abercrombie & Fitch Trading Co. ("Abercrombie") against the defendants has become something altogether different. Abercrombie has settled its claims against the various defendants, leaving only the cross-claims between the defendants to be adjudicated. The Cox parties now wish to amend their cross-claim. Winmark and the Cox Parties have also moved for an extension of the discovery schedule and the dispositive motion deadline. This case has involved extensive settlement negotiations between the different parties. In light of the efforts by the parties to settle the matter, the Court finds good cause to extend the discovery and dispositive motion deadlines each by 30 days.

Rule 15(a) of the Federal Rules of Civil Procedure governs the Cox parties' motion to amend their cross-claim before trial. It states, "... a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Such leave

should be freely given "when justice so requires." *Id.* Defendant's Wass and Johnson oppose the Cox parties' motion to amend their cross-claims. Despite the arguments by the co-defendants, the Cox parties have not asserted any new theory of recovery in this case. Rather, the Cox parties argue that at this point they seek only to clarify the measure of damages as laid out in their cross-claim. The question of whether Wass and Johnson provided counterfeit goods to the Cox parties has not been adjudicated yet. Contrary to Wass' argument, this could still be decided by a jury. Thus the Cox parties cross-claims are not futile as Wass and Johnson have argued. There is no undue prejudice against Wass and Johnson in allowing the Cox parties to clarify their damages.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the discovery deadline and the dispositive motion deadline are moved to June 15, 2009 and July 15, 2009, respectively.

IT IS FURTHER ORDERED that Cox defendent's motion to file their First Amended Cross-Claim is SUSTAINED.

IT IS FURTHER ORDERED that the Clerk will contact the parties to schedule a conference.

This is NOT a final order.

cc:   Counsel of Record